UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

-------------------------------------------------------------------- x
| | : | |
|---|---|---|
| HY CITE ENTERPRISES, LLC | : | Case No.: 12-cv-73 (BBC) |
| | : | |
| Plaintiff, | : | DEFENDANT'S RESPONSE |
| | : | TO PLAINTIFF'S |
| -v - | : | STATEMENT OF |
| | : | PROPOSED FACTS IN |
| | : | SUPPORT OF MOTION FOR |
| STEVEN POLLACK | : | PRELIMINARY |
| | : | INJUNCTION |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------------- x

Defendant Steven Pollack ("Pollack"), by his counsel, submits this Response Statement to Plaintiff's Proposed Statement of Facts in Support of its Motion for a Preliminary Injunction.

**Jurisdiction**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part. Admit that Pollack did file a demand for arbitration dated January 12, 2012, but did so against Hy Cite; not against HCE as Plaintiff alleges. (Declaration of Steven Pollack dated March 15, 2012 ("Pollack Declaration") ¶ 1).

5. Admitted.

**Background**

6. Admitted in part. Admit that Hy Cite (not HCE as alleged) has been involved for decades in selling cookware to independent distributors, who in turn sell the cookware to consumers.

7. Denied. Hy Cite and Pollack executed a distributorship agreement (the "1987 Distributorship Agreement") in 1987 and it was never amended or modified. Conversely, Hy Cite's Distributor Manual was modified several times by Hy Cite since Hy Cite entered the cookware sales industry. (Pollack Declaration ¶¶ 18 and 25).

8. Denied. By its terms, the 1987 Distributorship Agreement could not be amended or modified except by a document called an amendment and signed by all parties. (Pollack Declaration ¶ 26).

9. Admitted.

10. Denied. Pollack signed the Distributorship Agreement in 1987. For nearly 25 years, Hy Cite and Pollack relied on the 1987 Distributorship Agreement to govern their relationship. (Pollack Declaration ¶¶ 10 and 19).

11. Admitted.

12. Denied. Hy Cite attempted to terminate Pollack's distributorship on September 23, 2011 and again on November 7, 2011 (the latter notice contained no reason for the termination or why two notices were sent). Such attempted termination was a breach of the 1987 Distributorship Agreement. (Pollack Declaration ¶ 29).

13. Admitted in part. Pollack lacks knowledge or information as to what Hy Cite did in connection with all of its distributors. Pollack never saw the "2010 Agreement" on Hy Cite's distributor's website and he never executed the 2010 Agreement or any other distributorship agreement after the 1987 Distributorship Agreement. Pollack further avers that Hy Cite did hand out a document, which purported to be a draft distributorship agreement (the "Draft"), at the bi-annual Territorial Director's meeting in Newark, New Jersey in November, 2009 (together with a chart summarizing the purported differences between the Draft and the 1987 Distributorship

Agreement.) Pollack never executed the Draft and never intended to be bound by it. Nevertheless, Hy Cite continued treat Pollack as a distributor under the 1987 Distributorship Agreement. (Pollack Declaration ¶¶ 27-28.)

14. Denied. Pollack denies ever seeing any such notice on the distributors' website.

15. Admitted in part. Hy Cite does maintain a distributors' website and Pollack had access to it by using a password. The distributors' website contains such information as the amount of money that Pollack earned in a particular month under the Marketing Program for benefits and overrides (as referenced to by Hy Cite). Pollack denies that the distributors' website was used to provide current copies of his distributorship agreement as the 1987 Distributorship Agreement is the current agreement concerning Pollack's distributorship. (Pollack Declaration ¶ 27, fn 3).

16. Pollack did access the distributors' website on a number of occasions since February 15, 2010 to determine the amount due him under the Marketing Program. Pollack further avers that, given that the spreadsheet attached to the Johnson Declaration as Exhibit D shows user names other than Pollack's (Pollack's user name was 10449 – his distributorship number), upon information and belief, Pollack contends that some of the 20 entries shown on the spreadsheet may have resulted from access to the website by others. (Pollack Declaration ¶ 27, fn 4).

17. Denied. Pollack never saw the agreement or any such announcement. (Pollack Declaration ¶¶ 27-28).

18. Admitted.

19. Denied. Pollack never attempted to recruit Matt Rubin to sell products for Pollack. (Pollack Declaration ¶ 32).[1]

20. Admitted. Pollack further avers that Pollack brought Arkin into Hy Cite as a distributor. (Pollack Declaration ¶ 32).

21. Admitted. Pollack further avers that Matt Rubin is also Rob Arken's stepbrother. (Pollack Declaration ¶ 32).

22. Denied. Plaintiff's allegation is not a factual statement, but speculation. In addition, Pollack already received compensation for Arkin's sales (and therefore Matt Rubin's sales) since Pollack brought Arkin into Hy Cite as a distributor. (Pollack Declaration ¶ 32).

23. Denied. Pollack refers this Court to the 1987 Distributorship Agreement and the manual for their content, meaning and import.

24. Denied. Pollack had over $5,000,000 of sales in 2010 and 2011. In addition, Hy Cite terminated Pollack before the end of 2011, and therefore Hy Cite prevented Pollack from making additional sales to satisfy any purported quota for 2011. Pollack further avers that the purported quota was waived.

25. Admitted in part. Admit that the letter was received by Pollack. Pollack denies Hy Cite terminated his distributorship. Pollack further avers that on November 7, 2011, Hy Cite sent Pollack another letter attempting to terminate his distributorship. (Pollack Declaration ¶ 29).

---

[1] The allegations in paragraph 19 through 28 of Plaintiff's Statement of Fact have nothing to do with whether the dispute is arbitrable and therefore do not belong in Plaintiff's statement of material fact. It is respectfully submitted that those statements are designed to cast aspersions on Pollack, which have necessitated the statements in Pollack's declaration demonstrating how valuable Pollack was to Hy Cite over the years as well as to contest the charges about his termination.

26. Admitted in part. Admit except that the Demand was filed against Hy Cite Corp. not HCE as alleged.

27. Admitted in part. Admit that attached to the Demand is an unsigned version of an agreement, which contains the identical arbitration provision as the signed 1987 Distributor Agreement attached as Exhibit A to the Pollack Declaration.

28. Admitted.

29. Admitted in part. Admit that attached to the Demand is an unsigned version an agreement, which contains the identical arbitration provision as the signed 1987 Distributor Agreement attached as Exhibit A to the Pollack Declaration.

30. Admitted. Admit that the Distributor Agreement provides, in part, what Plaintiff states it does.

Dated: March 16, 2012

                    STAFFORD ROSENBAUM LLP

                    By:    /s/ Jon Evenson
                    Brian Butler
                    Jon Evenson
                    222 West Washington Avenue, Suite 900
                    P.O. Box 1784
                    Madison, Wisconsin 53701-1784
                    (608) 259.2642
                    *Attorney for Defendant Steven Pollack*