UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

HY CITE ENTERPRISES, LLC
333 Holtzman Road
Madison, Wisconsin 53713,

      Plaintiff,

    v.                                                            Case No.: 12-CV-73

STEVEN POLLACK
14 Hemingway Drive
Dix Hills, New York 11746,

SELECTIVE DESIGNS OF NEW YORK, INC.
1000 Northern Blvd.
Great Neck, New York 11021,

TRISTATE R.P., INC.
1025 Old Country Road
Westbury, New York 11590-5645,

      Defendants.

---

## FIRST AMENDED COMPLAINT

---

Plaintiff, Hy Cite Enterprises, LLC ("Hy Cite"), legal successor to Hy Cite Corporation, by its attorneys, Michael Best & Friedrich LLP, states for its Complaint against defendants, Steven Pollack ("Pollack"), Selective Designs of New York, Inc. ("Selective Designs") and Tristate R.P., Inc. ("Tristate" and collectively with Pollack and Selective Designs "Defendants"), the following:

## NATURE OF THE CONTROVERSY

1. This is an action for a declaratory judgment and for injunctive relief, to prohibit Defendants' attempt to force Hy Cite into arbitration when Plaintiff did not agree to arbitrate its termination of Pollack as a distributor.

## PARTIES

2. Hy Cite Enterprise, LLC, is a limited liability company organized under the laws of the State of Wisconsin, with a principal place of business located at 333 Holtzman Road, Madison, Wisconsin 53713.

3. Hy Cite Corporation is the sole member of Hy Cite Enterprise, LLC, and it is a corporation organized under the laws of the State of Wisconsin, with a principal place of business located at 333 Holtzman Road, Madison, Wisconsin 53713.

4. On information and belief, Steve Pollack is an adult citizen of New York, domiciled at 14 Hemingway Drive, Dix Hills, New York 11746.

5. On information and belief, Selective Designs of New York, Inc. is a dissolved corporation formerly organized under the laws of the State of New York.

6. On information and belief, Tristate R.P., Inc. is a corporation organized under the laws of the State of New York, with a principal place of business located at 1025 Old Country Road, Westbury, New York 11590-5645.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), because the parties are citizens of different states and the amount in

controversy exceeds $75,000.00 and pursuant to 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act) because there is an actual controversy between the parties.

8.  Venue lies in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(a) because this District has personal jurisdiction over Defendants and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND FACTS

9.  During 2010 and 2011, while Pollack was a distributor for Hy Cite, he failed to meet the annual $15,000.00 purchase requirement.

10. In 2011, in violation of the rules governing Hy Cite's distributors, Pollack attempted to recruit another Hy Cite distributor's salesman.

11. On September 23, 2011, Pollack was given 10 days notice that he would be terminated as a distributor for Hy Cite and no longer receive his override payments because of his violations of Hy Cite's distributor agreements and policies.

12. On October 3, 2011, Pollack's distributorship was terminated.

13. On January 12, 2012, Pollack filed a demand with the American Arbitration Association in New York to arbitrate the termination of his distributorship. (Pollack's arbitration demand is attached to this Complaint as Exhibit A.)

14. Attached to the arbitration request was an unexecuted document entitled The Royal Prestige Distributorship Agreement (the "Agreement"), which was not signed by Defendants or Hy Cite. Indeed, the Agreement in no way even mentions

3

Defendants. (The Agreement is attached to Pollack's arbitration demand which is attached to this Complaint as Exhibit A.)

15. On March 14, 2012, Pollack sent a letter to the American Arbitration Association in New York, advising it that he was amending the caption and the demand for arbitration to include the following parties as claimants: Selective Designs of New York, Inc. and Tristate R.P., Inc.

16. In the demand for arbitration, Defendants seeks a full reinstatement of Pollack as a Hy Cite distributor, including return of his monthly override payments, corrected territory "spin-out" adjustments, return of $5000.00 deducted from his September 2011 commission check, as well as money for being terminated with what he alleges was improper notice.

17. All the relief requested by Defendants in the arbitration demand exceeds $200,000.00.

## COUNT I

### Declaratory Judgment

18. Hy Cite restates and realleges Paragraph 1 through 17 above as though set forth fully herein as Paragraphs 1 through 17 of this Count.

19. Hy Cite is entitled to a declaratory judgment that the termination of Pollack's distributorship was proper.

20. Further, Hy Cite did not enter into an agreement with Defendants to arbitrate claims related to the termination of the distributorship, including the resulting loss of commissions, override payments and spin-off adjustments.

21. Indeed, the Agreement relied upon by Defendants for the arbitration demand is unsigned and contains no mention of Defendants. For example, the portion of the Agreement where the person or entity entering into a distributorship agreement with Hy Cite should be listed is completely blank. (See Attached Exhibit A at 2.)

22. Nonetheless, Defendants have initiated arbitration proceedings against Hy Cite in New York regarding the alleged damage they suffered upon termination of Pollack's Hy Cite distributorship.

23. Moreover, even if Hy Cite and Defendants can be deemed to have entered into the blank and unsigned Agreement, Defendants' alleged claims do not fall within the limited scope of the Agreement's arbitration clause, which does not cover termination of a distributor.

24. Defendants have no right to force Hy Cite to arbitrate issues or claims to which Hy Cite never agreed to arbitrate.

25. Therefore, an actual, real, and substantial controversy as to whether Hy Cite is required to arbitrate with Defendants regarding the termination of Pollack's distributorship exists and whether Hy Cite wrongfully terminated Pollack as a distributor.

26. This controversy exists between parties who have adverse legal interests and there is an immediate and real need for this controversy to be resolved.

27. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201(a), Hy Cite is entitled to a declaratory judgment, declaring that Hy Cite is not bound by the Agreement Defendants proffered as binding by attaching it to the arbitration demand

and that Hy Cite is not required to arbitrate regarding termination of Pollack's distributorship because the Agreement is unsigned. Based on Defendants' demand for arbitration in New York, there is a genuine dispute over this issue and an expedited declaration is requested.

28. Additionally, Hy Cite will be irrevocably harmed unless a permanent injunction is awarded prohibiting Defendants from initiating and pursing arbitration against Hy Cite regarding claims associated with the termination of Pollack's distributorship with Hy Cite.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Hy Cite Enterprises, LLC respectfully requests that this Court grant judgment in its favor against Defendants and declare as follows:

A. Hy Cite Enterprises, LLC is not bound to comply with the unsigned Agreement attached to Defendants' arbitration demand;

B. Hy Cite Enterprises, LLC has not agreed to arbitrate any issues or claims with Defendants;

C. Hy Cite Enterprises, LLC's termination of Steven Pollack as a distributor was not wrongful;

D. Defendants are not entitled to the relief sought or any other damages or relief as a result of the claims made in the demand for arbitration.

Additionally, Hy Cite requests that Defendants be preliminarily and permanently enjoined from initiating and pursing arbitration against Hy Cite regarding any claims associated with the termination of Pollack's distributorship with Hy Cite.

Dated this 23rd day of March, 2012.

                **MICHAEL BEST & FRIEDRICH LLP**

By:   <u>s/ Amy O. Bruchs</u>
       Michelle L. Dama
       Amy O. Bruchs
       Albert Bianchi, Jr.
       One South Pinckney Street, Suite 700
       P.O. Box 1806
       Madison, WI  53701-1806
       Telephone:  (608) 257-3501
       Fax:  (608) 283-2275
       Email:  mldama@michaelbest.com
               aobruchs@michaelbest.com
               abianchi@michaelbest.com

Attorneys for Plaintiff Hy Cite Enterprises, LLC

047186-0083\11155659.1