UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
-------------------------------------------------------------------- x

HY CITE ENTERPRISES, LLC,

                      Plaintiff,

      -v -

STEVEN POLLACK

                      Defendant.

-------------------------------------------------------------------- x

Case No.: 12-cv-73 (BBC)

# DEFENDANT STEVEN POLLACK'S MEMORANDUM OF LAW REGARDING HY CITE ENTERPRISES, LLC'S STANDING

STAFFORD ROSENBAUM LLP
*Attorney for Hy Cite Enterprises, LLC*
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
(608) 259.2642

{00565691.DOC;2 }

On March 23, 2012, Hy Cite Enterprises filed its reply submissions and an amended complaint, which names Selective Designs of New York, Inc. and Tristate R.P., Inc. as additional defendants. Hy Cite Enterprises, for the first time, asserts that it is the legal successor to Hy Cite Corp. On March 28, 2012, this court entered an order allowing Pollack until April 4 to continue to object to Hy Cite Enterprises' standing to bring this action. This is Pollack's brief in response to the court order.

Hy Cite Enterprises seeks an equitable remedy, which means that the court must weigh the equities. In its initial statement of proposed facts, Hy Cite Enterprises stated, "Defendant, through its various self-owned entities, has functioned as a Hy Cite distributor for many years, since at least 1984." (See Defendant's proposed facts, ¶ 9.) This shows that Hy Cite Enterprises viewed Pollack and his entities as a single distributor since at least 1984.

The only executed agreement in evidence is the 1987 Distributorship Agreement. (Pollack Dec., ¶ 6, Ex. B.) While Selective Designs dissolved in 1990, it is undisputed that Pollack remained a distributor for at least another 20 years. (See Defendant's proposed facts, ¶ 9; see also Pollack Dec., ¶ 19.) It is further undisputed that Hy Cite Enterprises and/or Hy Cite Corp assigned Pollack and his entities distributorship number 10449, and that the parties did business using this number for over 25 years. (*See id; see also* Pollack Dec., ¶ 7.)

Additionally, on February 25, 2000, Hy Cite wrote a congratulatory letter addressed to "Steve Pollack and Tri State RP." (Pollack Dec., ¶ 23, Ex. D.) On September 23, 2011, Hy Cite wrote its first termination letter addressed to "Mr. Steve Pollack, Dist. No. 10449." (Johnson Dec., ¶ 11, Ex. B.) On November 7, 2011, Hy Cite Corp wrote its second termination letter addressed to "Steven Pollack, no. 10449 RP of Long Island." (Pollack Dec., ¶ 29, Ex. G.) This

demonstrates that whether it was Pollack individually, Tri-State RP, or RP of Long Island (or any other entity for that matter), Hy Cite Corp treated them all as the same distributor, distributor number 10449.

The dispute before the court should not turn on the outcome of a name shell game, but on the clear fact that the owners of the Hy Cite venture considered Pollack their distributor, and vice versa, and that these persons agreed to arbitration.  Hy Cite Enterprises and/or Hy Cite Corp (hereafter "Hy Cite") did business with Pollack and/or his various entities (hereafter "Pollack") under the 1987 Distributorship Agreement for over 25 years.   No other agreement existed until 2010, and it appears that Hy Cite has abandoned the argument that the 2010 agreement governed the parties' relationship.  Instead, Hy Cite now asserts that because Selective Designs dissolved in 1990, the 1987 Distributorship Agreement dissolved along with it.[1]  Under Hy Cite's logic, Pollack and Hy Cite had no agreement in place from 1986 through 2010.  This makes no sense.  Pollack's territory generated $500,000,000 in sales during that time, and Hy Cite admits that Pollack and his entities functioned as a Hy Cite distributor during this time.  (*See* Defendant's proposed facts, ¶ 9.)  The overwhelming evidence before the court is that the parties did business pursuant to the 1987 Distributorship Agreement regardless of what entities they labeled themselves as over the years.

Pollack respectfully submits that Hy Cite has not shown a likelihood of success on the merits and that the balance of equities weighs against granting an injunction.  For these reasons, Pollack withdraws its objection to Hy Cite Enterprises' standing and requests that the court deny the motion for temporary injunction.

---

[1] Pollack personally guaranteed the 1987 Distributorship Agreement so the notion that he is reaping the benefits of the corporate structure when it is convenient for him holds little weight.

Dated:  March 16, 2012.

          STAFFORD ROSENBAUM LLP

          By:     /s/ Jon Evenson
          Brian Butler
          Jon Evenson
          222 West Washington Avenue, Suite 900
          P.O. Box 1784
          Madison, Wisconsin 53701-1784
          (608) 259.2642
          *Attorneys for Defendant Steven Pollack*