IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HY CITE ENTERPRISES, LLC,

                                                OPINION and ORDER

          Plaintiff,

                                                12-cv-73-bbc

    v.

STEVEN POLLACK,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Hy Cite Enterprises, LLC filed this lawsuit after receiving an arbitration demand from defendant Steven Pollack.  In his demand, defendant alleged that plaintiff breached an agreement by terminating him as a distributor, failing to give him notice of the termination and refusing to pay him under the terms of the agreement.  In its complaint, plaintiff alleges that defendant's claims are not subject to arbitration and it seeks declaratory and injunctive relief.

       Jurisdiction is present under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy greater than $75,000.  It is undisputed that plaintiff is a citizen of Wisconsin (because that state is where its sole member is incorporated and the location of the corporation's principal place of business, Johnson Decl. ¶¶ 3-4, dkt.

1

#8) and defendant is a citizen of New York (because that is where he is domiciled, id. at ¶ 5).  Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (citizenship of limited liability company determined by citizenship of its members); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (jurisdiction of corporation determined by state of incorporation and principal place of business); Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002) (citizenship of individuals determined by domicile).  The jurisdictional minimum is satisfied because defendant is seeking more than $200,000 in his arbitration demand.  America's MoneyLine, Inc. v. Coleman, 360 F.3d 782, 786 (7th Cir. 2004) ("In the context of actions to compel arbitration, we have adhered to the rule that, in order to ascertain whether the jurisdictional amount for the diversity statute has been met, the appropriate focus is the stakes of the underlying arbitration dispute.").

Now before the court is plaintiff's motion for a preliminary injunction to prevent defendant from pursuing arbitration on these claims.  Dkt. #5.  Because plaintiff has satisfied the four factors for obtaining a preliminary injunction, I am granting the motion.


OPINION

Before deciding the merits of plaintiff's motion, there are two procedural matters I must address.  First, in defendant's opposition brief, he argued that plaintiff Hy Cite

2

Enterprises, LLC was not the proper party to bring this lawsuit because plaintiff submitted an arbitration demand to Hy Cite Corporation, not Hy Cite Enterprises. In its reply brief, plaintiff cited evidence that it is "the successor entity to the former Hy Cite Corporation, and . . . the legal owner of all of the assets and liabilities that were previously owned by the former Hy Cite Corporation." Dkt. # 17, at 16. After I invited defendant to file a sur-reply brief to address these new facts, he withdrew his objection to plaintiff as an improper party. Dkt. #24. Accordingly, I understand the parties to agree that defendant's arbitration demand to Hy Cite Corporation applies to plaintiff.

Second, the same day plaintiff filed its reply brief in support of its motion for a preliminary injunction, plaintiff filed an amended complaint to add two defendants, Selective Designs of New York, Inc. and Tristate R.P., Inc. Dkt. #21. In the amended complaint, plaintiff alleges that defendant has amended his arbitration demand to include these two companies as claimants. Id. at ¶ 15. (In his opposition brief, defendant says that he amended his demand to include "Pollack's entities as Claimants," dkt. #15 at 3 n.3, but he does not name the entities. Neither side submitted the amended arbitration demand.) Because defendant has not yet filed an answer, plaintiff was entitled to file an amended complaint without leave of court. Fed R. Civ. P. 15(a)(1).

Plaintiff did not file a new motion for a preliminary injunction as to the new parties. Instead, in a footnote in its reply brief, it says that "[n]o further briefing is needed . . .

3

because both parties' briefing fully addresses the relevant issues." Dkt. #17, at 7 n.4. Although it may be true that some of plaintiff's arguments would apply equally to the new defendants, that does not mean I can enjoin them now. The new defendants have not yet made an appearance in the case and plaintiff has not filed proof of service, so it is not clear whether they have been served. Further, neither side cites any evidence in the record that the new defendants have made an arbitration demand against plaintiff. Accordingly, the scope of this order must be limited to defendant Pollack.

With respect to the merits, the standard for obtaining a preliminary injunction is well established. "To justify a preliminary injunction, the plaintiffs must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without the injunction, that the harm they would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and that the injunction is in the public interest." Judge v. Quinn, 612 F.3d 537, 546 (7th Cir. 2010).

I consider plaintiff's likelihood of success first. The parties agree that the question whether they have an enforceable arbitration agreement is for the court. Lumbermens Mutual Casualty Co. v. Broadspire Management Services, Inc., 623 F.3d 476, 480 (7th Cir. 2010). They also agree that Wisconsin law controls the interpretation of the agreement, but this means little because neither side relies on any principles of Wisconsin contract law to support their position.

4

Plaintiff raises several arguments for why it cannot be required to arbitrate, but I need consider only one of them: the arbitration agreement on which defendant is relying does not apply to any of the claims that defendant has raised in his arbitration demand. Defendant points to a document called Royal Prestige Distributor Agreement that he signed in January 1987. Dkt. #16-2. The agreement includes the following seven sections: "I. General Agreements," "II. Conditions of Sale of Merchandise," "III. Terms of Financing," "IV. The Royal Prestige Marketing Program," "V. The Competitive Arena," "VI. The Royal Prestige Advisory Board" and "VII. General Covenants." Under Part IV is a provision called "Dispute Resolution Within the Program," which states in part:

> Any disputes regarding operation of the Program, and affecting the rights of Hy Cite or RPC, or both of them, and specifically confined to the interpretation of this Part IV of this Agreement and any portions of the Distributor's Manual incorporated herein and relevant to such dispute, shall be submitted for binding arbitration . . . .

This is the only arbitration agreement that defendant cites.

Defendant's arbitration demand includes four claims:

(1) plaintiff "improperly terminated him";

(2) plaintiff "failed to pay [him] the correct territory 'spin-out' adjustments";

(3) plaintiff failed to provide notice of the termination;

(4) plaintiff "improperly deducted $5,000 from [plaintiff's] September 2011 commission check." Dkt. # 8-1.

5

Because the arbitration agreement is limited to "the interpretation of this Part IV of this Agreement" and any relevant portions of the Distributor's Manual, defendant must show that all of his claims meet this limitation. He has failed to do this.

As plaintiff points out, termination of the distribution agreement is covered by Part VII of the agreement, not Part IV. Defendant does not deny this, but he says that the other claims fall within Part IV and "there should not be two proceedings, one in arbitration, and one in Court, as the arbitrator can certainly determine all disputes." Dkt. #15 at 8. That is a nonstarter. It is well established that an arbitration agreement cannot be expanded (or limited) simply to insure that all claims are tried together; the agreement must be enforced according to its own terms, no more and no less. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213 (1985) ("[T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties filed a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums."); Giles v. Blunt, Ellis & Loewi, Inc., 845 F.2d 131, 134 (7th Cir. 1988) (refusing to require arbitration of claim that fell outside scope of arbitration agreement, even though claim was related to other claims subject to arbitration).

In any event, this argument fails because defendant has not made any showing that his other two claims are subject to arbitration either. Defendant says that Part IV covers any "benefits" he is promised under the distribution agreement, but he fails to cite any provision

6

that supports this expansive interpretation. Part IV refers specifically to "bonuses, discounts, rebates and reduced prices," not generally to all "benefits." There is no mention in Part IV of "commissions" or "spin-out adjustments" and defendant develops no argument that either of these items are encompassed by any of the benefits listed. (Neither side relies on or even discusses the context of the distribution manual.) Although it may be that defendant ultimately can show that Part IV of the agreement covers these claims, I decline to engage in an exercise of contract interpretation in the absence of any reason suggested by defendant to do so.

Because defendant has made no showing that any of his claims are covered by the arbitration agreement, I conclude that plaintiff has a strong likelihood success on its claim.

The remaining factors favor plaintiff as well. Courts hold routinely that a party will suffer irreparable harm if forced to arbitrate a claim that falls outside the scope of an arbitration agreement. Duthie v. Matria Healthcare, Inc., 535 F. Supp. 2d 909, 924-25 (N.D. Ill. 2008); Proshred Holdings Ltd. v. Conestoga Document, 2002 WL 1067328, *6 (N.D. Ill. May 22, 2002); FreemantleMedia–Ltd. v. Colmar, Ltd., 2001 WL 1360432, *2 (N.D. Ill. Nov. 5, 2001); Raytheon Engineers & Constructors, Inc. v. SMS Schloemann–Siemag Akiengesellschaft, 2000 WL 420866, *3 (N.D. Ill. Mar. 16, 2000); WFC Commodities Corp. v. Alston, 2000 WL 33534178, *1 (N.D. Ill. Mar. 8, 2000); Chicago School Reform Bd. of Trustees v. Diversified Pharmaceutical Services, Inc., 40 F.

Supp. 2d 987, 996 (N.D. Ill. 1999).

With respect to the balance of harms, defendant says he is harmed by the sales he lost, but that is not an injury caused by a determination that his claim is not arbitrable. Defendant remains free to file a claim against plaintiff for breach of contract in state or federal court. With respect to the public interest, although there is a strong policy in favor of arbitration, that policy does not extend to disputes that the parties did not agree to arbitrate.

Plaintiff has shown that it is likely to succeed on the merits, that it is likely to suffer irreparable harm without the injunction, that the harm it would suffer is greater than the harm that the preliminary injunction would inflict on defendant and that the injunction is in the public interest. Accordingly, I am granting its motion for preliminary injunction.

ORDER

IT IS ORDERED that plaintiff Hy Cite Enterprises, LLC's motion for a preliminary injunction, dkt. #5, is GRANTED. Defendant Steven Pollack is PRELIMINARILY

ENJOINED from pursuing arbitration for the four claims identified in this order.

Entered this 9th day of April, 2012.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge