## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

HY CITE  ENTERPRISES, LLC,

        Plaintiff,                        Case No.: 12-cv-73-bbc

        v.

STEVEN POLLACK,
SELECTIVE DESIGNS OF NEW YORK, INC.
and TRISTATE R.P., INC.,

        Defendants.

## PLAINTIFF HY CITE ENTERPRISES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Hy Cite Enterprises, LLC, ("Hy Cite") answers Defendants'

counterclaims as follows:[1]

### PARTIES

1.      Defendant Steven Pollack ("Pollack") is an adult citizen of New York who resides at 14 Hemmingway Drive, Dix Hills, New York, 11746.

**RESPONSE:**  Upon information and belief, admitted.

2.      Defendant Selective Designs of New York, Inc. ("Selective Designs") is a dissolved corporation formerly organized under the laws of the State of New York. Steven Pollack was the sole owner and president of Selective Designs of New York, Inc. at all relevant times to this action.

**RESPONSE:**  Upon information and belief, the allegations in the first sentence

are admitted.  Hy Cite lacks knowledge or information sufficient to form a belief about

[1] The numbered paragraphs herein correspond to the like numbered paragraphs in Defendants' Counterclaims, and any allegation of the Counterclaims not expressly admitted herein is denied.

the truth of the allegations in the second sentence of Paragraph 2, and therefore denies

same.

3.      Defendant Tristate R.P., Inc. is a corporation organized under the laws of the State of New York with its principal place of business at 535 Broadhollow Road, Melville, New York.  Steven Pollack is the sole owner and president of Tristate R.P., Inc.

**RESPONSE:**  Upon information and belief, the allegations in the first sentence

are admitted.  Hy Cite lacks knowledge or information sufficient to form a belief about

the truth of the allegations in the second sentence of Paragraph 3, and therefore denies

same.

4.      Plaintiff Hy Cite Enterprises, LLC ("Hy Cite") is a limited liability company organized under the laws of the State of Wisconsin with its principal place of business at 333 Holtzman Road, Madison, Wisconsin.

**RESPONSE:**  Admitted.

## JURISDICTION

5.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 32 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Federal jurisdiction also exists pursuant to 28 U.S.C. §§ 2201 and 2201 (Declaratory Judgment Act).

**RESPONSE:**  Hy Cite denies that 28 U.S.C. § 32 is applicable to this matter for

jurisdiction purposes.  Nonetheless, Hy Cite admits that diversity jurisdiction exists

under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §§ 2201.

6.      Defendants dispute that this court has personal jurisdiction.  Defendants assert the below counterclaims solely to preserve their claims and explicitly reserve their right to contest this court's personal jurisdiction.

**RESPONSE:**  Hy Cite denies that the Court does not have personal jurisdiction

over Defendants.  Further, Defendants' earlier appearance before the Court seeking

extension of briefing deadlines (docket no. 10) without challenging the Court's personal

jurisdiction waived any challenge. *Artis-Wergin v. Artis-Wergin*, 151 Wis. 2d 445, 452-53, 444 N.W.2d 750, (Ct. App. 1989); *Derse Inc. v. Haas Outdoors, Inc.*, No. 09-CV-97, 2011 U.S. Dist. LEXIS 16885 (E.D. Wis. Feb. 4, 2011).

## FACTUAL BACKGROUND

7.      In the early 1980s, Pollack became a Hy Cite distributor, primarily selling dishware and cookware.

**RESPONSE:** Denied.

8.      In 1987 Pollack signed "The Royal Prestige Distributorship Agreement" attached hereto as Exhibit A (hereafter "1987 Distributorship Agreement"). The parties that executed the 1987 Distributorship Agreement were Selective Designs and Hy Cite Corporation.

**RESPONSE:**   Hy Cite agrees that Exhibit A to Defendants' Answer and Counterclaims appears to be a copy of a Royal Prestige Distributorship Agreement signed in 1987 by Pollack in his capacity as President of Selected Designs, Inc. and by a representative of Hy Cite Corporation. Hy Cite denies that "Selective Designs" was a party that executed the 1987 Distributorship Agreement. Hy Cite denies the remaining allegations set forth in Paragraph 8.

9.      While Selective Designs dissolved in 1990, Pollack individually and, at various times, through his other companies, including Tristate R.P., Inc., continuously remained a Hy Cite distributor.   Hy Cite assigned Pollack and his entities distributorship number 10449, and the parties continuously did business using this number under the 1987 Distributorship Agreement for over 25 years.   Hereafter, "Pollack" refers to all named defendants.

**RESPONSE:** Hy Cite lacks knowledge or information sufficient to form a belief about when "Selective Designs" was dissolved, and therefore denies same. Hy Cite denies the remaining allegations set forth in Paragraph 9.

10.     According to plaintiff, in 2011, Hy Cite Corporation was renamed Hy Cite Enterprises, Inc., which was then converted to a limited liability company named Hy Cite Enterprises, LLC (the plaintiff in this action).   According to plaintiff, Hy Cite Enterprises, LLC is the successor entity to Hy Cite Corporation.

**RESPONSE:**  Admitted.

11.     On information and belief, Hy Cite Enterprises, LLC is the party that assumed Hy Cite Corporation's rights and responsibilities under the 1987 Distributorship Agreement.

**RESPONSE:**  Admitted.

12.     In the 1980s, Hy Cite created a marketing program, which granted distributors commissions and other benefits directly related to sales made by other distributors who the original distributor brought into Hy Cite or who were in the distributor's territory (hereafter "Marketing Program").   This incentive program effectively allowed Hy Cite to achieve over a billion dollars in sales.

**RESPONSE:**  Hy Cite admits that it created a marketing program in the 1980s,

but denies Defendants' characterization of the program and denies the remaining

allegations set forth in Paragraph 12.

13.     When Hy Cite prepared the 1987 Distributorship Agreement, it dedicated an entire article (Article IV) to the Marketing Program.   In addition, the agreement incorporates by reference the Hy Cite distributor manual, including certain benefits contained therein.

**RESPONSE:**   Hy Cite denies Defendants' characterizations of the 1987

Distributorship Agreement.   Hy Cite admits that the 1987 Distributorship Agreement

attached as Exhibit A speaks for itself.   Hy Cite denies the remaining allegations set

forth in Paragraph 13.

14.     Pollack was an extremely successful Hy Cite distributor. His territory was "spun out," a colloquial term that Hy Cite used to mean that his distributorship became its own territory and was no longer under any other distributorship.   As a result, after more than 15 years of service to Hy Cite, Pollack was named a "Master Territory Director" in 2000.   He was one of the two first "Master Territory Directors" named by Hy Cite.

**RESPONSE:**  Denied.  Further, Defendants continued, self-serving conflation of the individual, Pollack, and the corporate entities makes it impossible to admit any portion of Paragraph 14.

15.     This was significant because, under the Marketing Program in the 1987 Distributorship Agreement, a Master Territory Director earned lifetime benefits and commissions, which Hy Cite called "overrides" on sales made by other distributors that were in Pollack's "spun out" territory.

**RESPONSE:**  Denied.

16.     Under the 1987 Distributorship Agreement, Hy Cite had to pay Pollack these lifetime benefits even if Hy Cite one day terminated Pollack's distributorship.

**RESPONSE:**  Denied.

17.     On September 23, 2011, Hy Cite sent Pollack a notice attempting to terminate his distributorship.  A copy of this letter is attached hereto as Exhibit B.  In the letter, Hy Cite asserts that the reasons for Pollack's purported termination are: (1) Pollack did not reach $15,000 in purchases in 2010 and 2011; and (2) Pollack attempted to "poach" another distributor's sub-distributor. These two assertions are untrue, false and are blatantly pre-textual.  The real reason Hy Cite terminated Pollack is to avoid paying Pollack his lifetime benefits under the Marketing Program set forth in the 1987 Distributorship Agreement.

**RESPONSE:**  Hy Cite denies Defendants' characterizations of the September 23, 2011 letter.  Hy Cite admits that the September 23, 2011 letter attached as Exhibit B speaks for itself.  Hy Cite denies the remaining allegations set forth in Paragraph 17.

18.     Over a month later, on November 7, 2011, Hy Cite sent a second notice again attempting to terminate Pollack's distributorship.  A copy of this letter is attached hereto as Exhibit C.   Hy Cite asserted no rationale for Pollack's termination in this letter.

**RESPONSE:**  Hy Cite denies Defendants' characterizations of the November 7, 2011 letter.  Hy Cite admits that the November 7, 2011 letter attached as Exhibit C speaks for itself.  Hy Cite denies the remaining allegations set forth in Paragraph 18.

19.     Prior to Pollack's receipt of the September 23, 2011 letter, Hy Cite had not given any indication whatsoever to Pollack that there were any problems with the parties' relationship.

**RESPONSE:** Denied.

20.     Paragraph 13 of Section IV of the parties' 1987 Distributorship Agreement requires arbitration of any disputes arising under Hy Cite's Marking Program.  It states in relevant part:

> Any disputes regarding operation of the Program, and affecting the rights of Hy Cite or RPC, or both of them, and specifically confined to the interpretation of this Part IV of this Agreement and any portions of the Distributor's Manual incorporated herein and relevant to such dispute, shall be submitted to binding arbitration under the usual rules and procedures of the American Arbitration Association and Chapter 788 of the Wisconsin Statutes as amended or renumbered.  Either Distributor, Hy Cite or RPC may initiate a demand for arbitration.

**RESPONSE:**  Hy Cite denies Defendants' characterizations of Paragraph 13 of Section IV of the 1987 Distributorship Agreement.  Hy Cite admits that Paragraph 13 of Section IV of the 1987 Distributorship Agreement attached as Exhibit A speaks for itself.  Hy Cite denies the remaining allegations set forth in Paragraph 20.

21.     On January 12, 2012, Pollack filed a demand with the American Arbitration Association in New York to recover his lifetime benefits under the Marketing Program, among several other claims.  A copy of Pollack's demand is attached as Exhibit A to plaintiffs First Amended Complaint).

**RESPONSE:**  Hy Cite admits that on January 12, 2012 Steven Pollack filed a demand with the American Arbitration Association in New York but denies Defendants' characterization of same.  Hy Cite admits that the demand speaks for itself.  Hy Cite further admits that on March 14, 2012 Steven Pollack sent a letter to the American Arbitration Association in New York advising it that he was amending the

caption and the demand for arbitration to include Selective Designs of New York, Inc. and Tristate R.P., Inc. as claimants.

22.     On February 2, 2012, plaintiff initiated this action seeking a declaratory judgment that it is not required to arbitrate Pollack's claims.  Plaintiff also requested injunctive relief preventing the arbitration in New York from proceeding.  On March 23, 2012, after filing a motion for temporary injunctive relief, plaintiff filed a First Amended Complaint adding Pollack's entities as defendants and seeking the same relief set forth in the first complaint.

**RESPONSE:**  Hy Cite denies that Defendants' characterization of Hy Cite's Complaint and Amended Complaint, but admits that Hy Cite's Complaint and Amended Complaint speak for themselves.  Hy Cite admits the remainder of the allegations set forth in Paragraph 22.

23.     Other facts will be set forth below as necessary.

**RESPONSE:**  This is not a factual allegation to which a response is required, and on that basis Hy Cite denies such allegation.

## CLAIM 1:
## ARBITRATION
## (DECLARATORY JUDGMENT)

24.     Re-alleges paragraphs 1 through 23 above.

**RESPONSE:**  Hy Cite repeats and realleges its answers to Paragraphs 1 through 23 as though fully stated herein.

25.     Pollack asserts that the 1987 Distributorship Agreement controls the parties' relationship.

**RESPONSE:**  Denied.

26.     Under Paragraph 13 of Section IV, Hy Cite is required to arbitrate some and/or all of the claims in Pollack's demand for arbitration.

**RESPONSE:**  Denied.

27.     Hy Cite asserts that the 1987 Agreement does not control the parties' relationship and that it is not required to arbitrate the claims asserted in Pollack's demand for arbitration.

**RESPONSE:** Admitted.

28.     There is an actual, real and substantial controversy about whether some and/or all of the claims in Pollack's demand for arbitration must be arbitrated pursuant to paragraph 13 of Section IV of the parties' 1987 Distributorship Agreement.

**RESPONSE:** Hy Cite admits there is an actual, real and substantial controversy between the parties but denies Defendants' characterization of that controversy and denies any remaining allegations in Paragraph 28.

29.     The controversy exists between parties who have adverse legal interests and there is an immediate and real need for the controversy to be resolved.

**RESPONSE:** Hy Cite admits that a controversy exists and that there is an immediate and real need for the controversy to be resolved but denies Defendants' characterization of that controversy and denies any remaining allegations in Paragraph 29.

30.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Pollack is entitled to a declaratory judgment requiring that Hy Cite arbitrate some and/or all of the claims in Pollack's demand for arbitration.

**RESPONSE:** Denied.

### CLAIM 2:
### ARBITRATION
### (WIS. STAT. CH 788)

31.     Re-alleges paragraphs 1 through 30 above.

**RESPONSE:** Hy Cite repeats and realleges its answers to Paragraphs 1 through 30 as though fully stated herein.

32.     Under Paragraph 13 of Section IV of the 1987 Distributorship Agreement, Hy Cite is required to arbitrate some and/or all of the claims in Pollack's demand for arbitration.

**RESPONSE:**  Denied.

33.     Reserving its right to contest this court's personal jurisdiction, Pollack requests a stay of this action pursuant to Wis. Stat. § 788.02, and an order to arbitrate pursuant to Wis. Stat. § 788.03.

**RESPONSE:**  Denied.  Further, Defendants' earlier appearance before the Court seeking extension of briefing deadlines (docket no. 10) without challenging the Court's personal jurisdiction waived any challenge.  *Artis-Wergin v. Artis-Wergin*, 151 Wis. 2d 445, 452-53, 444 N.W.2d 750, (Ct. App. 1989); *Derse Inc. v. Haas Outdoors, Inc.*, No. 09-CV-97, 2011 U.S. Dist. LEXIS 16885 (E.D. Wis. Feb. 4, 2011).

## CLAIM 3:
## BREACH OF CONTRACT
## (TERMINATION WITHOUT PAYMENT OF LIFETIME BENEFITS)

34.     Re-alleges paragraphs 1 through 33 above.

**RESPONSE:**  Hy Cite repeats and realleges its answers to Paragraphs 1 through 33 as though fully stated herein.

35.     Pollack earned lifetime benefits under the 1987 Distributorship Agreement.

**RESPONSE:**  Denied.

36.     Hy Cite's termination of Pollack without continuing to pay him lifetime benefits is a breach of the 1987 Distributorship Agreement.

**RESPONSE:**  Denied.

37.     Hy Cite is liable to Pollack for this breach of contract.

**RESPONSE:**  Denied.

38.     As a result of Hy Cite's breach of contract, Pollack has suffered and will continue to suffer damages in an amount to be determined at trial.

**RESPONSE:**  Denied.

## CLAIM 4:
## BREACH OF THE CONTRACTUAL COVENANT
## OF GOOD FAITH AND FAIR DEALINGS
## (PRE-TEXTUAL TERMINATION)

39.     Re-alleges paragraphs 1 through 38 above.

**RESPONSE:**  Hy Cite repeats and realleges its answers to Paragraphs 1 through

38 as though fully stated herein.

40.     Under Wisconsin law, all parties to a contract have a duty of good faith and fair dealing.

**RESPONSE:**  This is not a factual allegation to which a response is required, and

on that basis Hy Cite denies such allegation.

41.     Hy Cite breached this duty of good faith by terminating Pollack's distributorship for pre-textual reasons with the ultimate improper motive to avoid paying Pollack the lifetime benefits he earned under the 1987 Distributorship Agreement.

**RESPONSE:**  Denied.

42.     Hy Cite is liable to Pollack for this breach of the contractual duty of good faith.

**RESPONSE:**  Denied.

43.     As a result of Hy Cite's breach of contract, Pollack has suffered and will continue to suffer damages in an amount to be determined at trial.

**RESPONSE:**  Denied.

## CLAIM 5:
## BREACH OF CONTRACT
## (UNDER PAYMENT OF SPIN-OUT ADJUSTMENTS)

44.     Re-alleges paragraphs 1 through 43 above.

**RESPONSE:**  Hy Cite repeats and realleges its answers to Paragraphs 1 through 43 as though fully stated herein.

45.    Pursuant to the 1987 Distributorship Agreement, Pollack earned certain "spin-out" adjustments due to a Master Territory Director.

**RESPONSE:**  Denied.

46.    Hy Cite breached the 1987 Distributorship Agreement by failing to pay Pollack the appropriate "spin-out" adjustment percentage for certain distributors in Pollack's territory.

**RESPONSE:**  Denied.

47.    Hy Cite is liable to Pollack for this breach.

**RESPONSE:**  Denied.

48.    As a result of Hy Cite's breach of contract, Pollack has suffered damages in an amount to be determined at trial.

**RESPONSE:**  Denied.

### CLAIM 6:
### BREACH OF CONTRACT
### (TERMINATION WITHOUT PROPER NOTICE)

49.    Re-alleges paragraphs 1 through 48 above.

**RESPONSE:**  Hy Cite repeats and realleges its answers to Paragraphs 1 through 48 as though fully stated herein.

50.    Paragraph 17 of Section VII of the 1987 Distributorship Agreement required Hy Cite to provide Pollack 60 days' written notice of termination.

**RESPONSE:**  Denied.

51.    Hy Cite failed to provide said notice to Pollack in breach of the parties' agreement.

**RESPONSE:**  Denied.

52.    Hy Cite is liable to Pollack for this breach.

11

**RESPONSE:**  Denied.

53.     As a result of Hy Cite's breach of contract, Pollack has suffered damages in an amount to be determined at trial.

**RESPONSE:**  Denied.

## CLAIM 7:
## BREACH OF CONTRACT
## (DEDUCTION OF COMMISSION CHECK)

54.     Re-alleges paragraphs 1 through 53 above.

**RESPONSE:**  Hy Cite repeats and realleges its answers to Paragraphs 1 through 53 as though fully stated herein.

55.     Pollack earned sales commissions under the 1987 Distributorship Agreement.

**RESPONSE:**  Denied.

56.     Hy Cite improperly deducted $5,000.00 from Pollack's commission check for the month of September, 2011 in breach of the parties' agreement.

**RESPONSE:**  Denied.

57.     Hy Cite is liable to Pollack for this breach.

**RESPONSE:**  Denied.

58.     As a result of Hy Cite's breach of contract, Pollack has suffered $5,000.00 in damages.

**RESPONSE:**  Denied.

WHEREFORE, defendants pray for the following relief:

1.     For claim 1, a declaratory judgment requiring that Hy Cite arbitrate the claims in Pollack's demand for arbitration.

**RESPONSE:**  Hy Cite incorporates herein its responses to Paragraphs 1 through 58 and denies that Defendants are entitled to any of the relief requested in their prayer for relief or any relief whatsoever.

2.      For claim 2, a stay of this action pursuant to Wis. Stat. § 788.02, and an order to arbitrate pursuant to Wis. Stat. § 788.03.

**RESPONSE:**  Hy Cite incorporates herein its responses to Paragraphs 1 through 58 and denies that Defendants are entitled to any of the relief requested in their prayer for relief or any relief whatsoever.

3.      For claims 3 through 7, monetary damages to be proved at trial;

**RESPONSE:**  Hy Cite incorporates herein its responses to Paragraphs 1 through 58 and denies that Defendants are entitled to any of the relief requested in their prayer for relief or any relief whatsoever.

4.      An award to these defendants of their attorney fees, costs and expenses to the extent allowed by law; and

**RESPONSE:**  Hy Cite incorporates herein its responses to Paragraphs 1 through 58 and denies that Defendants are entitled to any of the relief requested in their prayer for relief or any relief whatsoever.

5.      Such other relief as the court may deem just and equitable.

**RESPONSE:**  Hy Cite incorporates herein its responses to Paragraphs 1 through 58 and denies that Defendants are entitled to any of the relief requested in their prayer for relief or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Hy Cite asserts the following affirmative defenses:

1.      Defendants have failed to state a claim upon which relief may be granted.

2.      Defendants' claims are barred by the doctrine of unclean hands.

3.      Defendants are not parties to the agreements asserted and therefore cannot enforce the contracts.

4.      Defendants' request for damages (to the extent they are entitled to any damages) is barred in whole or in part by the doctrine of laches.

5.      Defendants' request for damages (to the extent they are entitled to any damages) is barred in whole or in part by the doctrine of equitable estoppel.

6.      Defendants have waived their right to challenge personal jurisdiction.

7.      Defendants committed material breaches of the agreements asserted relieving Hy Cite from any obligations under the agreements.

8.      Defendants' request for damages (to the extent they are entitled to any damages) is barred in whole or in part by their failure to mitigate.

Dated this 11th day of May, 2012.

**MICHAEL BEST & FRIEDRICH LLP**

By:   s/ Michelle L. Dama
      Michelle L. Dama, SBN 1041809
      Amy O. Bruchs, SBN 1021530
      Albert Bianchi, Jr., SBN 6292391
      One South Pinckney Street, Suite 700
      P.O. Box 1806
      Madison, WI  53701-1806
      Telephone:  (608) 257-3501
      Fax:  (608) 283-2275
      Email:  mldama@michaelbest.com
            aobruchs@michaelbest.com
            abianchi@michaelbest.com

Attorneys for Plaintiff Hy Cite Corporation

047186-0083\11323809.3

15