UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

HY CITE ENTERPRISES, LLC,

       Plaintiff,                            Case No.: 12-cv-73-bbc

     v.

STEVEN POLLACK,
SELECTIVE DESIGNS OF NEW YORK, INC.
and TRISTATE R.P., INC.,

       Defendants.

---

### JOINT PRELIMINARY PRETRIAL REPORT

---

Pursuant to this Court's Notice of Scheduling Conference and Fed. R. Civ. P. 26(f), counsel for plaintiff, Hy Cite Enterprises, LLC ("Hy Cite" or "Plaintiff"), and the defendants, Steven Pollack, Selective Designs of New York, Inc. and TriState R.P., Inc. (collectively "Defendants"), met and conferred regarding a discovery and case schedule on May 30, 2012, and they now present this Joint Preliminary Pretrial Report.

### PROPOSED DISCOVERY PLAN

**A. Case Schedule**

The parties propose the following respective case schedules:

| EVENT | PLAINTIFF | DEFENDANTS |
|---|---|---|
| Rule 26 initial disclosures | June 18, 2012 | June 18, 2012 |
| Deadline for amendments to pleading (w/o leave) | August 31, 2012 | August 31, 2012 |

| EVENT | PLAINTIFF | DEFENDANTS |
|---|---|---|
| Disclosure of liability expert reports: Proponent | December 5, 2012 | December 5, 2012 |
| Disclosure of liability expert reports: Respondent | January 16, 2012 | January 16, 2013 |
| Dispositive motions deadline | January 10, 2013 | **January 30, 2013** |
| Disclosure of damage expert reports: Proponent | March 6, 2013 | March 6, 2013 |
| Disclosure of damage expert reports: Respondent | April 10, 2013 | **April 30, 2013** |
| Settlement letters | May 6, 2013 | **May 31, 2013** |
| Discovery cutoff | May 15, 2013 | **May 31, 2013** |
| Rule 26(a)(3) disclosures and all motions in limine | May 22, 2013 | **May 31, 2013** |
| Final pretrial conference | June 4, 2013 | June 4, 2013 |
| Trial | June 17, 2013 | June 17, 2013 |

B.  **Modifications to Limitations on Discovery Imposed by the Federal Rules**

No changes in Federal Rules of Civil Procedure.

**OTHER INFORMATION REQUESTED IN STANDING ORDER**

1. **Nature of the Case**

This is an action seeking a declaratory judgment that Defendant Steven Pollack's distributorship was not wrongfully terminated. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338 and 1367. The Court granted

Plaintiff's Motion for a Preliminary Injunction on April 9, 2012, preliminarily enjoining Defendant Steven Pollack from pursuing arbitration against Plaintiff regarding the termination of his distributorship.

Defendants have moved for reconsideration of the Court's Order granting Plaintiff's Motion for Preliminary Injunction. Defendants have filed an answer. Defendants have filed counterclaims for: (1) declaratory judgment that Plaintiff is required to arbitrate some and/or all of the claims in Defendants' demand for arbitration; (2) a stay of the this action pursuant to Wis. Stat. § 788.02 and an order to arbitrate pursuant to Wis. Stat. § 788.03; (3) breach of contract for termination without lifetime benefits; (4) breach of the contractual covenant of good faith and fair dealing based on pre-textual termination; (5) breach of contract for underpayment of "spin-out adjustments"; (6) breach of contract for termination without proper notice; and (7) breach of contract based on improper deduction of commission check.

**2. Pending Cases Between the Parties**

No other cases are pending between the parties.

**3. Material Factual and Legal Issues to be Resolved at Trial**

    A.    Whether Defendants termination without payment of earned lifetime income stream from Hy Cite was wrongful and pre-textual;

    B.    Whether Defendants are entitled to a lifetime income stream, regardless of termination.

    C.    What written agreement, if any, governed Defendants' distributorship with Plaintiff at the time the distributorship was terminated;

D. The effect on Plaintiff's relationship with Defendants resulting from Plaintiff having a prior written agreement with an entity that was later dissolved in the 1990's;

E. Whether Plaintiff agreed to arbitrate any issues with Defendants;

F. Whether an injunction should issue in favor of Plaintiff;

G. Damages payable to Plaintiff, if any;

H. Whether Defendants' distributorship was terminated to avoid paying "lifetime benefits;" and

I. Whether Plaintiff improperly withheld any commissions from Defendants.

J. Whether Defendants were terminated without proper notice.

**4. Possibility of Simplifying the Issues**

The parties will work together to narrow factual issues in this litigation. The parties expect to file summary judgment motions in the manner and form required by the Court's standing order, which may narrow or eliminate certain issues.

**5. Necessity and Desirability of Advance Rulings on Evidence**

The parties will attempt to bring to the Court's attention, at the earliest possible time, any issues relating to the admissibility of evidence on which an advance ruling would be helpful. The parties will seek rulings with respect to disputed evidence by motions in limine to the extent feasible and appropriate.

**6. Need to Limit Use of Testimony under Fed. R. Evid. 702**

It is not known at this time whether either party will seek to limit expert testimony under Rule 702. The parties may bring pretrial motions following the disclosure of expert opinions if appropriate.

7.  **Identity of Any New Parties**

The parties do not presently plan to add any additional parties to this action.

8.  **Estimated Length of Time Required for Trial**

The parties estimate that this case can be tried to a jury in four days.

9.  **Settlement Discussion/ADR Plans**

The parties have not engaged in settlement discussions.

10. **Other Items**

    A.  **Electronic Service and Electronic Copies**

The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Service on Plaintiff will be made to at least the following counsel:

> Amy O. Bruchs
> Michelle L. Dama
> Michael Best & Friedrich LLP
> One S. Pinckney St., Ste. 700
> P.O. Box 1806
> Madison, WI 53701-1806
> aobruchs@michaelbest.com
> mldama@michaelbest.com

Service on Defendants will be made to at least the following counsel:

>Brian Butler
>Jon Evenson
>Stafford Rosenbaum LLP
>222 West Washington Avenue, Suite 900
>P.O. Box 1784
>Madison, WI 53701-1784
>Telephone: (608) 256-0226
>Fax: (608) 259-2600
>Email: bbutler@staffordlaw.com
>         jevenson@staffordlaw.com

**B.     Electronic Copies**

The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically.

**C.     Protective Order**

The parties will promptly seek from the Court the entry of a Protective Order governing confidential information, in a form to be agreed upon by the parties.

**D.     Draft Expert Reports**

The parties agree that draft expert reports and attorney communications with experts will not be subject to discovery. However, all materials that an expert considered or relied on in connection with a final expert report shall be discoverable.

Dated this 31st day of May, 2012.

| **MICHAEL BEST & FRIEDRICH LLP** | **STAFFORD ROSENBAUM LLP** |
|---|---|
| By:    s/ Michelle L. Dama<br>Michelle L. Dama, SBN 1041809<br>Amy O. Bruchs, SBN 1021530<br>Albert Bianchi, Jr., SBN 6292391<br>One South Pinckney Street, Suite 700<br>P.O. Box 1806<br>Madison, WI  53701-1806<br>Telephone:  (608) 257-3501<br>Fax:  (608) 283-2275<br>Email:  mldama@michaelbest.com<br>       aobruchs@michaelbest.com<br>       abianchi@michaelbest.com | By: /s/ Jon Evenson<br>Brian Butler<br>Jon Evenson<br>222 West Washington Avenue, Suite 900<br>P.O. Box 1784<br>Madison, WI  53701-1784<br>Telephone:  (608) 256-0226<br>Fax:  (608)  259-2600<br>Email:  bbutler@staffordlaw.com<br>       jevenson@staffordlaw.com |
| Attorneys for Plaintiff | Attorneys for Defendants |