IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HY CITE ENTERPRISES, LLC,

                                                                                                      OPINION and ORDER

                   Plaintiff,

                                                                                                              12-cv-73-bbc

      v.

STEVEN POLLACK, TRISTATE R.P., INC.
and SELECTIVE DESIGNS OF NEW YORK, INC.,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Steven Pollack was a distributor for plaintiff Hy Cite Enterprise, LLC until 2011, when plaintiff terminated the distribution agreement. After Pollack sought to challenge the conditions of the termination in arbitration, plaintiff brought this lawsuit to obtain a declaratory judgment that Pollack's claims were not subject to an arbitration agreement. In an order dated April 9, 2012, dkt. #25, I granted plaintiff's motion for a preliminary injunction to stop Pollack from pursuing the arbitration. In the meantime, plaintiff amended its complaint to add two entities, Tristate R.P., Inc. and Selective Designs of New York, Inc., that plaintiff alleged had been added as claimants on Pollack's arbitration demand. Dkt. #21. In addition, defendants asserted several counterclaims against plaintiff for breach of contract. The parties later waived any rights they otherwise might have to arbitration in this case, dkt. #39, effectively leaving only defendants' counterclaims for resolution. Jurisdiction is present under 28 U.S.C. § 1332 because plaintiff is a citizen of

1

Wisconsin and defendants are citizens of New York and the amount in controversy is greater than $75,000.

Trial is scheduled for July 22, 2013. The parties' motions in limine are now before the court.

OPINION

A. Plaintiff's Motions in Limine

1. Motion to exclude tape recordings, dkt. #61

Plaintiff argues that tape recordings defendant Pollack made of conversations between Pollack and plaintiff's distributors are inadmissible as hearsay. Defendants do not oppose this motion, with the exception that they wish to include one recording played during the deposition of Vince Dima as a prior inconsistent statement. Because plaintiff did not address this possibility in its motion, it will have to raise the issue at the final pretrial conference if it believes that the recording defendants identify should be excluded as well.

2. Motion to exclude testimony of expert Catherine Durham regarding present value of future payments, dkt. #62

Part of defendant Pollack's claim for damages is that he is entitled to certain payments in the future, including commissions on purchases by distributors in Pollack's "direct distributor network" and on purchases by "distributors who had achieved a high level of sales and whose territories had been 'spun out' as independent distributors." Dkt. #31.

Pollack intends to rely on Catherine Durham's testimony to calculate what those sales will be. For each distributor, Durham calculated a minimum, maximum and a "likeliest" annual growth rate.

Plaintiff objects to Durham's opinions on two grounds: (1) she failed to explain how she generated the "likeliest" growth rate for each distributor, even when that rate was inconsistent with the distributor's previous growth rates; and (2) she failed to account for the possibility that one or more distributors would stop working for plaintiff. Although defendants filed a 20-page brief in opposition to plaintiff's motion, they provided no justification for Durham's choice for the "likeliest" growth rate. Instead, defendants responded to arguments that plaintiff did not make by providing a detailed defense of the "Monte Carlo" method of statistical analysis, which "yields 1,000 iterations of projections, each incorporating different variables reflecting the possibility of future positive and negative growth." Dkt. #79 at 4. However, defendants do not argue that a Monte Carlo analysis will provide reliable data regardless which figures are chosen for the minimum, maximum and likely rates. Rather, they acknowledge that a proper Monte Carlo analysis requires the expert to know or be able to reasonably estimate those values *before* making the projections. Id. at 5. In other words, the expert must have a reasonable basis for the rates she chooses.

Defendants' only explanation of Durham's choices for the likeliest growth rates is the use of conclusory phrases such as "reasoned expert assumptions," id., and "professional judgment," id. at 10, 17. They say that Durham relied on "historical data," id. at 17, but they do not respond to plaintiff's detailed argument that the rate Durham chose for many

3

of the distributors bears no relationship to their growth rates in the past. A review of Durham's report itself does not provide the missing information. Defendants accompanied their opposition brief with a new declaration from Durham, dkt. #80, but that is conclusory as well. In explaining why she chose 5% as the likeliest growth rate for most of the distributors, she states only that she is "assuming 3% inflationary increase and 2% real growth, a reasonable and conservative estimate for likely future growth," id., without explaining why 2% is "reasonable and conservative."

Under Fed. R. Evid. 702, experts are required to explain the bases for their opinions so that it can be determined whether the opinions are reliable. The court of appeals has "said over and over that an expert's ipse dixit is inadmissible." Wendler & Ezra, P.C. v. American Intern. Group, Inc., 521 F.3d 790, 791 (7th Cir. 2008). Because Durham does not explain how she determined the likely growth rates that she relied on to calculate damages, I must grant plaintiff's motion to exclude her testimony regarding the present value of future payments. This makes it unnecessary to consider plaintiff's second objection about Durham's failure to account for the possibility that one or more distributors would stop working for plaintiff.

3. <u>Motion to exclude evidence of damages related to lifetime recruiter bonuses, rebates or finance charges, dkt. #63</u>

Plaintiff argues that defendants should not be permitted to seek damages for any of the items listed in the motion because defendants' expert did not include them in her report

4

and there is no other evidence to support these damages. Defendants do not respond directly to this argument, but instead shift their focus to a legal argument about the proper interpretation of a contract provision that plaintiff did not discuss in its motion. Because defendants' argument goes beyond the scope of plaintiff's motion and defendants do not refute plaintiff's argument that they have no evidence of damages related to lifetime recruiter bonuses, rebates or finance charges, I am granting this motion.

4. Motion to exclude evidence of agreements other than 1987 distribution agreement, dkt. #74

Plaintiff believes that defendants may try to introduce evidence about three agreements other than the 1987 distribution agreement: (a) a proposed 2010 agreement that the parties never signed; (b) an implied agreement; and (c) a modified version of the 1987 distribution agreement. Although plaintiff seems to be requesting that defendants be prohibited from presenting any evidence of the other agreements in any context, the content of their motion is directed to arguing that defendants should be prohibited from using other agreements as a basis for a breach of contract claim. Accordingly, I will limit my ruling to that issue. To the extent plaintiff believes that any other agreements are irrelevant or unfairly prejudicial for other purposes, plaintiff will have to object at trial if defendants seek to introduce evidence of other agreements.

In their response to plaintiff's motion, defendants say they do not intend to present evidence of an implied agreement, so I will grant that portion of the motion as unopposed.

With respect to the 2010 agreement and any modifications to the 1987 agreement, plaintiff argues that defendants cannot assert a breach of contract claim under those agreements because defendants did not include counterclaims about either agreement in their answer. Defendants do not attempt to refute this argument. Instead, they argue that they should be allowed to assert an alternative claim under the 2010 agreement because *plaintiff's* original position was that the 2010 agreement was controlling. Even if that is true, defendants do not cite any authority for the proposition that an opposing party's former position may serve as a substitute for pleading requirements. Because defendants do not deny that they failed to plead a claim for a breach of any agreement other than the 1987 distribution agreement, they may not assert any other claims at trial.

B.  Defendants' Motions in Limine

1. Motion to exclude evidence of reasons for terminating defendant Pollack other than those stated in the termination letter, dkt. #58

Defendants argue that plaintiff should be prohibited from offering evidence at trial that it terminated the distributor agreement for any reason other than the two listed in the termination letter: Pollack had failed to meet the minimum purchase requirements and Pollack had been trying to recruit a sales person without the permission of his distributor. Defendants do not argue that plaintiff represented in interrogatories that these were the only reasons or that it is planning on introducing evidence on this issue that it did not disclose in discovery despite a request from defendants. Instead, defendants say that Peter Johnson,

Jr., testified during his deposition that it was his decision to terminate the agreement and that Pollack was terminated for the reasons stated in the letter. However, this does not mean that plaintiff can be precluded from offering any evidence that differs in any way from Johnson's testimony. If Johnson testifies differently at trial, the rules of evidence allow defendants to impeach him with his previous testimony, but defendants cite no authority for the proposition that a fact witness's deposition testimony may be used to exclude other evidence at trial.

2. Motion to exclude evidence that "Peter Johnson Jr. spoke with Matt Rubin prior to issuing the termination letter," dkt. #58

Matt Rubin is identified in the termination letter as the salesperson defendant Pollack tried to recruit without the permission of Rubin's distributor. Defendants say that plaintiff should be prohibited from offering evidence that Johnson relied on statements that came directly from Rubin when making the determination Pollack had tried to recruit Rubin. Defendants assert two reasons: (1) Johnson denied several times during his deposition that he had spoken to Rubin; and (2) when defendants asked plaintiff during discovery for all documents related to the allegation that Pollack had recruited Rubin, none of the documents indicated that Johnson had spoken to Rubin.

Defendants' first argument is the same as the one they made in the previous motion. Again, defendants may use Johnson's deposition testimony to impeach inconsistent statements, but they cannot use it to prevent a witness from testifying a particular way.

With respect to defendants' second argument, plaintiff does not deny that it failed to produce any documents about a conversation between Johnson and Rubin in response to defendants' discovery request. To the extent any such documents exist, plaintiff may not rely on those documents at trial because it has not made any argument that its failure to produce documents was justified or harmless. Fed. R. Civ. P. 37(c) (party may not use information at trial if party failed to produce that information in response to discovery request unless the failure was justified and harmless).

ORDER

IT IS ORDERED that

1. Plaintiff Hy Cite Enterprise, LLC's motion to exclude tape recordings defendant Steven Pollack made of conversations between him and plaintiff's distributors, dkt. #61, is GRANTED as unopposed, with the exception of the recording played during the deposition of Vince Dima.

2. Plaintiff's motion to exclude testimony of expert Catherine Durham regarding present value of future payments, dkt. #62, is GRANTED.

3. Plaintiff's motion to exclude evidence of damages related to lifetime recruiter bonuses, rebates or finance charges, dkt. #63, is GRANTED.

4. Plaintiff's motion to exclude evidence of agreements other than the 1987 distribution agreement, dkt. #64, is GRANTED to the extent that defendants Pollack, Tristate R.P., Inc. and Selective Designs of New York, Inc. may not rely on other agreements

as the basis for a separate claim. The motion is GRANTED as unopposed with respect to any implied agreements.

5. Defendants' motion to exclude evidence of reasons for terminating defendant Pollack other than those stated in the termination letter, dkt. #58, is DENIED.

6. Defendants' motion to exclude evidence that "Peter Johnson Jr. spoke with Matt Rubin prior to issuing the termination letter," dkt. #58, is GRANTED with respect to any documents that plaintiff may wish to offer on this issue. The motion is DENIED with respect to testimony.

Entered this 17th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge